UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
GERALD R. FINKEL,                                                    :     19-CV-6260 (ARR) (RLM)
                                                                     :
                Plaintiff,                                         :     NOT FOR ELECTRONIC
                                                                     :     OR PRINT PUBLICATION
  -against-                                                         :
                                                                     :     OPINION & ORDER
ALLSTATE ELECTRIC CORP.,                                             :
                                                                     :
                Respondent.                                        :
-------------------------------------------------------------------- :
                                                                     X

ROSS, United States District Judge:

        On June 2, 2020, petitioner, Dr. Gerald R. Finkel, as Chairman of the Joint Industry Board of the Electrical Industry, filed a motion seeking confirmation of an arbitration award against respondent, Allstate Electric Corp., as well as reimbursement for attorneys' fees and costs associated with bringing the instant petition. *See* Notice Mot., ECF No. 21. On July 8, 2020, I issued an opinion and order granting the motion to confirm the arbitration award, with two modifications. Order & Order Referring Mot. Confirm Arbitration Award, ECF No. 37. Further, finding that petitioner is entitled to recover reasonable attorneys' fees and costs associated with this petition, I respectfully referred this issue to the Honorable Roanne L. Mann., U.S. Magistrate Judge, for a report and recommendation regarding the appropriate amount of such fees and costs. *Id.* On October 1, 2020, Judge Mann issued a report and recommendation ("R&R") that petitioner be awarded $15,202.38 in attorneys' fees and $515.99 in costs. R&R, ECF No. 39. On October 15, 2020, respondent filed a letter objecting to Judge Mann's recommended attorneys' fees award. Resp't's Letter, ECF No. 40. On October 16, 2020, petitioner filed a responsive letter. Pet'r's Letter, ECF No. 41. Because I find that respondent's general objection to Judge Mann's

recommended attorneys' fees award does not warrant *de novo* review, and because I otherwise find no clear error in the record, I adopt Judge Mann's recommended disposition in its entirety.

## BACKGROUND

The factual and procedural background of this case are described in detail in my previous opinion and order, ECF No. 37, and Judge Mann's R&R, ECF No. 39.

On October 15, 2020, following the issuance of Judge Mann's R&R regarding attorneys' fees and costs, respondent filed a letter objecting to Judge Mann's recommended award for attorneys' fees. Resp't's Letter. No objection was lodged against Judge Mann's recommended award for costs. *Id.* Respondent's letter "requests that the legal fee award be reduced" because this was a "straightforward matter" with "no apparent novel issues"—"the type of case that counsel for [petitioner] handle routinely." *Id.* The letter also refers to a prior, purportedly similar case involving the same parties in which the Honorable Robert M. Levy, U.S. Magistrate Judge, awarded petitioner attorneys' fees in the amount of $15,534.80. *Id.*; *see* Mem. & Order, *Finkel v. Allstate Elec. Corp.*, No. 18-CV-3798 (CBA) (RML) (Apr. 14, 2020), ECF No. 47. Respondent argues that Judge Mann's recommended award of $15,202.38 in attorneys' fees is too "high" here because this case has been less involved than that prior case. *Id.* Petitioner, in turn, requests that I adopt Judge Mann's R&R in its entirety. Pet'r's Letter.

## STANDARD OF REVIEW

A district court reviews those portions of a magistrate judge's report and recommendation to which a party has properly and timely objected under a *de novo* standard of review. *See* Fed. R. Civ. P. 72(b)(3). Where a party makes only "conclusory," "general," or "perfunctory" objections, however, the district court reviews a report and recommendation for clear error. *Coley v. City of New York*, No. 15-CV-5132 (KAM) (LB), 2017 WL 1162177, at *2 (E.D.N.Y.

Mar. 28, 2017); *Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014); *Thompson v. Yelich*, No. 09-CV-5039 (KAM) (LB), 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 26, 2012); *see also, e.g.*, *Marcelin v. Cortes-Vazquez*, No. 09-CV-4303 (RRM) (JMA), 2011 WL 346682, at *1 (E.D.N.Y. Jan. 28, 2011) ("The district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed."). "To allow a party to trigger full de novo review by the district judge on the basis of" such general objections "would make a mockery of the role of magistrate judges in fulfilling their important and well-recognized responsibilities." *Sik Gaek, Inc. v. Yogi's II, Inc.*, No. 10-CV-4077 (ARR) (VVP), 2014 WL 12828173, at *1 (E.D.N.Y. May 28, 2014) (quoting *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 59 (E.D.N.Y. 2008)); *see also Rolle*, 2014 WL 4662267, at *1 ("[S]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009)). Thus, I may "adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous." *S.E.C. v. Nadel*, 206 F. Supp. 3d 782, 784–85 (E.D.N.Y. 2016) (citation omitted).

## DISCUSSION

Respondent does not raise any "specific written objections" to Judge Mann's thorough, well-reasoned, and well-founded findings and recommendations. Fed. R. Civ. P. 72(b)(2). Judge Mann engaged in a comprehensive analysis and calculation of attorneys' fees and costs based on plaintiff's submissions, which respondent has not attempted to rebut at any point. *See* R&R 6, 9 (noting that "respondent failed to object to specific aspects of petitioner's billing" or "particularize [its] objections to the amounts sought in this case"). Respondent does not identify any particular

3

portion of Judge Mann's R&R to which it specifically objects, nor does respondent provide any legal authority to support its general objection that Judge Mann's recommended attorneys' fees award is too "high" in this case. Resp't's Letter. Respondent merely asserts that this is a "straightforward matter" and thus petitioner should receive a lesser award of attorneys' fees because (or, really, even though) petitioner received a roughly equivalent award in a similar case between the parties. *Id.* None of this specifically addresses or calls into question any aspect of Judge Mann's R&R, analysis, or calculations.

Because respondent has provided only a general objection to Judge Mann's recommended attorneys' fees award, and because respondent has not provided an objection to any other portion the R&R, I review the record for clear error. *See, e.g.*, *Marcelin*, 2011 WL 346682, at *1. Having found none, I adopt Jude Mann's R&R in its entirety, as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1).[1]

## CONCLUSION

For the foregoing reasons, I adopt Judge Mann's R&R in its entirety. The Clerk of Court is directed to enter judgment with respect to attorneys' fees in the amount of $15,202.38 and costs in the amount of $515.99.

SO ORDERED.

Dated: November 2, 2020　　　　　　　　　　　　＿＿＿＿＿/s/＿＿＿＿＿
　　　　Brooklyn, NY　　　　　　　　　　　　　　Allyne R. Ross
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Although I find *de novo* review unwarranted here for the reasons explained above, I have carefully reviewed both the record and Judge Mann's R&R, and I would accept and adopt Judge Mann's R&R in its entirety even under a *de novo* standard of review.